Kathleen A. Weber, #016076
Larry O. Folks, #012142
FOLKS & O'CONNOR, PLLC
1850 N. Central Ave, #1140
Phoenix, AZ  85004
(602) 262-2265
(weber@folksoconnor.com)

Rachel M. Dollar, Calif. #199977[*]
Ronald M. Arlas, Calif. #59091[*]
SMITH DOLLAR PC
Attorneys at Law
404 Mendocino Avenue, Second Floor
Santa Rosa, California 95401
Telephone:  (707) 522-1100

Attorneys for Plaintiff M & I Marshall and Ilsley Bank

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| M & I Marshall & Ilsley Bank,<br><br>    Plaintiff,<br>v.<br><br>Fidelity National Title Agency, Inc.; and DOES 1 to 50<br><br>    Defendant. | CASE NO.:<br><br>COMPLAINT FOR BREACH OF CONTRACT |
|---|---|

Plaintiff M & I Marshall and Ilsley Bank ("M&I" or "Plaintiff") alleges the following:

## I. PARTIES, VENUE AND JURISDICTION

1.  M&I is and at all relevant times was a Wisconsin state-chartered corporation with its principal place of business in Milwaukee, Wisconsin.  At all times herein relevant, M&I was authorized to conduct business in Arizona and California and held all required licenses to do so.

2.  Defendant Fidelity National Title Agency, Inc. ("FIDELITY") is, and at all times relevant, was, an Arizona corporation acting as a settlement closing agent for real estate closings in Arizona.  FIDELITY'S place of business was 5151 E. Broadway, Suite 5050,

---

[*] Pro Hac Vice Application to be submitted.

1  Tucson, AZ 85711.

2      3.    This court has diversity jurisdiction under 28 USC § 1332 because it is an action between corporations and citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is proper because defendants either have place of business in this district or are doing business in this district and therefore are subject to personal jurisdiction here.

## II. FACTS APPLYING TO ALL CAUSES OF ACTION

    4.    M&I is engaged in the business of lending money to individuals secured by real property. On or about November 30, 2005, M&I made a purchase loan ostensibly to Sandra Vanhall ("VANHALL") in the amount of $134,982.00 (the "LOAN"). A true and correct copy of the promissory note (the "NOTE") evidencing the LOAN is attached as Exhibit 1.

    5.    The NOTE was secured by a deed of trust on real property with a legal description of "Speedway Park, Lot 4 EXC N120', BLK 6" and which is also known as 3600 E. Lee St., Tucson, Arizona (the "PROPERTY"). A true and correct copy of the Deed of Trust ("DOT") is attached as Exhibit 2.

    6.    In order to close the LOAN, M&I issued a set of closing instructions (the "INSTRUCTIONS") to FIDELITY on or about November 28, 2005. A true and correct copy of the INSTRUCTIONS are attached as Exhibit 3.

    7.    At all time herein relevant, W.G. "Bill" Cusick ("CUSICK") was an employee of FIDELITY at the address stated in paragraph 2, above. CUSICK was employed as a closing settlement agent. Acting within the course and scope of his employment, CUSICK was the closing agent for the LOAN.

    8.    The LOAN closed on November 30, 2005. A true and correct copy of the Warranty Deed (the "DEED") transferring title to VANHALL is attached as Exhibit 4.

    9.    On or about February 1, 2008, the LOAN went into default. M&I instituted foreclosure proceedings which culminated in a foreclosure sale on or about 8/20/08. Thereafter, it instituted a deficiency action against VANHALL.

    10.    On or about November 3, 2008, after service of the summons and complaint in

the deficiency action, VANHALL, through an attorney, contacted M&I's deficiency action counsel and claimed that her identity had been stolen by a Michael Jarnigan ("JARNIGAN"), that this was an entirely fraudulent deal and that she had had nothing to do with either the purchase of the PROPERTY or the application for the LOAN.  After investigating VANHALL's identity claim, M&I determined that said claim was valid and ceased its deficiency action against VANHALL.

### III.  FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

11. M&I realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 10, inclusive, above.

12. Instruction #1, on page 2 of the INSTRUCTIONS states, as follows:

> "All documents are to be signed by the borrower(s) exactly as the name(s) are typed <u>and in the presence of the closing agent</u>."   (Emphasis added.)

13. CUSICK, in his capacity as the closing agent for the LOAN, notarized the DEED and was also supposed to have notarized the DOT.  However, CUSICK breached the terms of the INSTRUCTIONS by allowing the NOTE and DOT to be executed outside of his presence.  M&I is informed and believes that CUSICK let JARNIGAN take the NOTE and DOT outside of FIDELITY's office ostensibly to obtain the signature of VANHALL.  In reality, M&I is informed and believes that JARNIGAN forged VANHALL's signature on the NOTE and the DOT.  JARNIGAN, in his capacity as a notary, then notarized the forged signature.  JARNIGAN then returned the executed NOTE and DOT to CUSICK, who then proceeded to close the LOAN.  M&I has attempted to find JARNIGAN, all to no avail.

14. By breaching the INSTRUCTIONS and not insisting that VANHALL herself appear to execute the loan documents, CUSICK allowed JARNIGAN to complete this fraudulent loan transaction.  In doing so, M&I made a loan transaction that it would never have made.

15. M&I has suffered damages of at least $134,982.00 due to the breach of the INSTRUCTIONS by CUSICK.

16.	M&I has made a demand on the closing agency, FIDELITY, but to date, FIDELITY has refused to pay for the damages incurred by M&I.

### IV. PRAYER

Wherefore, M&I prays:

1.	Compensatory damages against FIDELITY NATIONAL TITLE COMPANY in an amount to be proven at trial, but in no event less than $134,982.00;

2.	Interest on the damages according to law;

3.	Prejudgment interest;

4.	Reasonable attorney's fees if allowed by law;

5.	Costs incurred in this action; and

6.	Award such additional relief as the Court deems just and proper.

Dated:  September 20, 2010.

FOLKS & O'CONNOR, PLLC


By  /s/ Kathleen A. Weber
Kathleen A. Weber
Attorneys for M & I Marshall & Ilsley Bank

84571_2.doc